UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEANNA KAY BAXLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-01372-TWP-TAB |
| | ) |
| NANCY A. BERRYHILL, Deputy Commissioner | ) |
| for Operations, Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

# ENTRY ON JUDICIAL REVIEW

Plaintiff Deanna Kay Baxley ("Baxley") requests judicial review of the final decision of the Deputy Commissioner for Operations of the Social Security Administration (the "SSA"), denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. For the following reasons, the Court **AFFIRMS** the decision of the Deputy Commissioner.

## I. PROCEDURAL BACKGROUND

On April 7, 2014, Baxley filed an application for DIB, alleging a disability onset date of March 25, 2014. (Filing No. 14-2 at 47.) Her application was initially denied on June 9, 2014, (Filing No. 14-4 at 3), and upon reconsideration on September 18, 2014 (Filing No. 14-4 at 9). Administrative Law Judge Kimberly Sorg-Graves (the "ALJ") held a hearing on January 26, 2016, at which Baxley, represented by counsel, and a vocational expert ("VE"), Gail Corn, appeared and testified. (Filing No. 14-2 at 5-29.) The ALJ issued a decision on March 8, 2016, concluding that Baxley was not entitled to receive DIB. (Filing No. 14-2 at 44.) The Appeals Council denied review on March 8, 2017. (Filing No. 14-2 at 30.) On May 1, 2017, Baxley timely filed this civil action, asking the court pursuant to 42 U.S.C. § 405(g) to review the final decision of the Deputy Commissioner denying Baxley benefits. (Filing No. 1.)

## II. STANDARD OF REVIEW

Under the Social Security Act, a claimant may be entitled to benefits only after she establishes that she is disabled. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

The Deputy Commissioner employs a five-step sequential analysis to determine whether a claimant is disabled. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled despite her medical condition and other factors. 20 C.F.R. § 404.1520(a)(4)(i). At step two, if the claimant does not have a "severe" impairment that meets the durational requirement, she is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At step three, the Deputy Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant's impairments do not meet or medically equal one of the impairments on the Listing of Impairments, then her residual functional capacity will be assessed and used for the fourth and fifth steps. Residual functional capacity ("RFC") is the "maximum that a claimant can

still do despite [her] mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1); SSR 96-8p). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). At the fifth and final step, it must be determined whether the claimant can perform any other work, given her RFC and considering her age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). The claimant is not disabled if she can perform any other work in the relevant economy.

The combined effect of all the impairments of the claimant shall be considered throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The burden of proof is on the claimant for the first four steps; it then shifts to the Deputy Commissioner for the fifth step. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft*, 539 F.3d at 678, this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An

award of benefits "is appropriate where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

### III. FACTUAL BACKGROUND

Baxley was 54 years of age at the time she applied for DIB citing several impairments, most of which centered around disorders causing pain in the back, shoulders, and knees, as well as difficulty breathing. (Filing No. 14-5 at 2.) She has a limited education, (Filing No. 14-2 at 8), and previously worked as an inspector, a mail clerk, a machine stapler, and an inspector and packager, (Filing No. 14-2 at 25).[1]

The ALJ followed the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4) and ultimately concluded that Baxley is not disabled. (Filing No. 14-2 at 54.) The ALJ determined that Baxley meets the insured status requirements of the Social Security Act through December 31, 2018. (Filing No. 14-2 at 49.) At step one, the ALJ found that Baxley has not engaged in substantial gainful activity[2] since March 25, 2014, the alleged onset date. (Filing No. 14-2 at 49.) At step two, the ALJ found that Baxley has the following severe impairments: chronic pulmonary insufficiency, degenerative disc disease, and right shoulder impairment. (Filing No. 14-2 at 49.) At step three, the ALJ found that Baxley does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Filing No. 14-2 at 50.) After step three but before step four, the ALJ found that Baxley has the RFC to –

> to perform light work as defined in 20 CFR 404.1567(b), with no climbing of ladders, ropes, or scaffolds and occasional balancing, stooping, kneeling,

---

[1] Because the facts of Baxley's claim include sensitive and otherwise confidential information concerning her medical history and treatment, the Court will detail specific facts only as necessary to address the parties' arguments.

[2] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a).

4

crouching, crawling, and climbing of ramps and stairs. The claimant can perform no more than occasional overhead reaching with the right upper extremity and no more than frequent reaching in front and laterally with the right upper extremity. The claimant is limited to no more than occas[ional] exposure to atmospheric conditions such as heat, humidity, fumes, odors, dusts, gases, and poorly ventilated areas. The claimant requires a sit/stand option while continuing to work to stand or walk for at least 5 minutes after every 45 minutes of sitting or to sit for at least 5 minutes after about every 30 minutes of standing or walking.

(Filing No. 14-2 at 50). At step four, the ALJ concluded, relying on the testimony of the VE considering Baxley's RFC, that she was capable of performing her past relevant work as a mail clerk from the alleged onset date through the date of the decision. (Filing No. 14-2 at 53-54.)

## IV. DISCUSSION

Baxley presents a single issue on appeal, arguing that the ALJ's step four finding that she could return to her past relevant work as a mail clerk is not supported by substantial evidence. (Filing No. 21 at 5.) Specifically, Baxley contends that the ALJ's RFC finding that she "can perform no more than occasional overhead reaching with the right upper extremity and no more than frequent reaching in front and laterally with the right upper extremity" conflicts with the Dictionary of Occupational Titles ("DOT") requirements of a mail clerk. (Filing No. 21 at 6-7 (quoting Filing No. 14-2 at 50).) She further contends that the ALJ failed to follow agency authority specifying the ALJ's duty to identify, resolve and explain any conflict between the VE's testimony and the DOT. (Filing No. 21 at 7-10.)

The ALJ fully credited and adopted the testimony of the VE that Baxley could perform her past relevant work as a mail clerk, both as she actually performed the work and according to the description in the DOT. (Filing No. 14-2 at 53-54; *see* Filing No. 14-2 at 28 (The VE provided the mail clerk position as viable in response to a hypothetical posed by the ALJ describing limitations matching the ALJ's ultimate RFC finding.).) "When a VE or VS (vocational specialist) provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative

responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT."[3] Social Security Ruling ("SSR") 00-4p (S.S.A. Dec. 4, 2000), 2000 WL 1898704 at *4. In accordance with the ruling, the ALJ asked the VE, "Ms. Corn has your testimony been consistent with the Dictionary of Occupational Titles?" ([Filing No. 14-2 at 28](#).) The VE responded, "Yes." ([Filing No. 14-2 at 28](#).) The ALJ then asked, "Has there been any portion of your testimony that's not covered by the Dictionary of Occupational Titles?" ([Filing No. 14-2 at 29](#).) The VE again responded, "Yes." ([Filing No. 14-2 at 29](#).) The ALJ then inquired, "And what was that testimony based upon?" ([Filing No. 14-2 at 29](#).) The VE answered, "My experience as a vocational counselor." ([Filing No. 14-2 at 29](#).)

Baxley asserts both in her initial brief and her reply that the VE identified that her testimony conflicted with the DOT, but that the ALJ did not inquire further to identify the specific conflict. ([Filing No. 21 at 8](#); [Filing No. 30 at 1](#) ("the ALJ here asked the VE if her testimony conflicted with the DOT, to which the VE responded, 'Yes.'").) However, no such testimony occurred. As shown above, the VE testified to the contrary that her testimony was consistent with the DOT, but that there were portions of her testimony that were not covered by the DOT. The distinction is important, as the Court will explain below.

The ALJ's affirmative duty under SSR 00-4p does not end with asking the VE if their testimony is consistent with the DOT. "When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the

---

[3] Baxley asserts that the ALJ failed to follow HALLEX I-2-6-74. ([Filing No. 21 at 7](#).) "Before the ALJ may rely on a VE's testimony to support a disability decision, the ALJ must inquire on the record whether there are any conflicts between occupational evidence the VE provided and information contained in the *Dictionary of Occupational Titles* (DOT), including its companion publication, the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (SCO), published by the U. S. Department of Labor." HALLEX I-2-6-74 (S.S.A.), 1993 WL 751902. However, the HALLEX provision simply provides practical guidance to an ALJ in meeting their affirmative responsibilities under Social Security Ruling 00-4p. *Id*. "Social Security Rulings are binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1).

conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704 at *2. Moreover, the ALJ "will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified." *Id.* at *4. The Seventh Circuit has held that the ALJ's ongoing duty under the ruling continues even if the VE answers incorrectly that their testimony was consistent with the DOT. *See Overman v. Astrue*, 546 F.3d 456, at 463 (7th Cir. 2008).

Baxley asserts that the VE's testimony is inconsistent with the DOT. The DOT lists the requirements of the mail clerk position to include, "Reaching: Frequently – Exists from 1/3 to 2/3 of the time." DICOT 209.687-026 (G.P.O.), 1991 WL 671813. However, the DOT does not distinguish between reaching overhead, in front, or laterally. Meanwhile, the ALJ's RFC finding included that Baxley was able to frequently reach in front and laterally with her right upper extremity, but that she "can perform no more than occasional overhead reaching with the right upper extremity." ([Filing No. 14-2 at 50](#).) "'Occasionally' means occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday." SSR 96-9p (S.S.A. July 2, 1996), 1996 WL 374185 at *3. Also, Baxley's dominant hand is her right. ([Filing No. 14-2 at 20](#).)

As a matter of law, it is unclear whether any conflict exists in this situation. In *Prochaska*, the Seventh Circuit remanded the claim because an ALJ did not ask the VE if there was a conflict with the DOT and there were two possible conflicts: 1) between the RFC precluding stooping and the other work titles provided in packaging and assembly work requiring some stooping, and 2) between the RFC limiting reaching above shoulder level to occasionally and the DOT description requiring reaching to be frequently. *Prochaska*, 454 F.3d 731, 735-36 (7th Cir. 2006) ("It is not

7

clear to us whether the DOT's requirements include reaching above shoulder level, and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help."). However, in a later decision, *Ketelboeter*, the Seventh Circuit noted that the "DOT's descriptions of the jobs that the vocational expert discussed do not conflict with the hypothetical limitations given by the ALJ. Ketelboeter insists that the 'price marker' job requires 'frequent overhead reaching,' which she is unable to perform, but the DOT description does not support that assertion." *Ketelboeter v. Astrue*, 550 F.3d 620, 625-26 (7th Cir. 2008). The DOT description of a price marker also requires frequent reaching, without specifying laterally, in front, or overhead. DICOT 209.587-034 (G.P.O.), 1991 WL 671802. Although, the explanation could arguably be considered *dicta*, as the decision found other VE testimony uncontroverted to support a denial at step five. *Ketelboeter*, 550 F.3d at 626. In a later unpublished decision, the Seventh Circuit noted that "even though the brusher position may require significant *lateral* reaching, there is no evidence that either position would require frequent *overhead* reaching. Because there is no actual conflict between the VE's testimony and the DOT, the ALJ's oversight is harmless error." *Seamon v. Astrue,* 364 F. App'x 243, 249 (7th Cir. 2010) (emphasis in original). It's also notable that in the instant claim, Baxley is limited to occasional overhead reaching with her dominant extremity, but is not limited at all in reaching with her non-dominant extremity. Even assuming *arguendo,* that there is a conflict, Baxley's argument still fails.

    Baxley's representative did not raise the possibility of a conflict at the hearing. The ALJ first gave Baxley's representative the opportunity to cross-examine the VE after she provided testimony that Baxley's past relevant work could be performed assuming the ultimate RFC findings. ([Filing No. 14-2 at 28](#).) Baxley's representative declined any further questions. ([Filing No. 14-2 at 28](#).) After the VE affirmed that her testimony had been consistent with the DOT, but

included portions that were not covered by the DOT, the ALJ asked, "Anything further I should consider, Counselor?" ([Filing No. 14-2 at 29](#).)  Baxley's representative again declined, "Nothing further, Your Honor." ([Filing No. 14-2 at 29](#).)

The Deputy Commissioner implies that because the VE's testimony was not challenged at the hearing, that any challenge has been waived, relying on the Seventh Circuit decision in *Donahue*. ([Filing No. 27 at 7](#).)  However, *Donahue* commented in *dicta* about the possibility of waiver with the new SSR 00-4p, prior to the ruling going into effect for that particular case and the Seventh Circuit has subsequently held with the issue properly before them that a representative's failure to raise a challenge at the hearing cannot discharge the ALJ's affirmative responsibility mandated by the ruling.  *Prochaska*, 454 F.3d at 735.  Still, the Seventh Circuit also later found in *Overman* that:

> the failure of Overman's counsel to identify the conflicts at the time of hearing is not without consequence.  Overman now has to argue that the conflicts were obvious enough that the ALJ should have picked up on them without any assistance, for SSR 00-4p requires only that the ALJ investigate and resolve *apparent* conflicts between the VE's evidence and the DOT.

*Overman*, 546 F.3d at 463 (emphasis in original).

The Court finds that there was no obvious and apparent conflict.  Neither the VE nor Baxley's representative raised the possibility of a conflict.  Given the ambiguity noted above as a matter of law as to whether the Circuit would find that a conflict existed in this situation, when given the opportunity to compare an RFC with the DOT description of jobs in analogous circumstances, there is more than one reasonable interpretation of the DOT.  Further, the Court's own reading of the description of the particular job that was cited by the VE does not reveal any obvious conflict.  The DOT provides the following description of a mail clerk:

> Sorts incoming mail for distribution and dispatches outgoing mail: Opens envelopes by hand or machine. Stamps date and time of receipt on incoming mail.

9

> Sorts mail according to destination and type, such as returned letters, adjustments, bills, orders, and payments. Readdresses undeliverable mail bearing incomplete or incorrect address. Examines outgoing mail for appearance and seals envelopes by hand or machine. Stamps outgoing mail by hand or with postage meter. May fold letters or circulars and insert in envelopes [FOLDING-MACHINE OPERATOR (clerical) 208.685-014]. May distribute and collect mail. May weigh mail to determine that postage is correct. May keep record of registered mail. May address mail, using addressing machine [ADDRESSING-MACHINE OPERATOR (clerical) 208.582-010]. May be designated according to type of mail handled as Mail Clerk, Bills (clerical).

DICOT 209.687-026 (G.P.O.), 1991 WL 671813. It is at least conceivable that the distribution and collection duties of the position would require some overhead reaching. However, it is not apparent that any overhead work would be required more frequently than occasionally in an eight-hour day. It is also not clear to what degree whatever overhead reaching that may be required would need to be performed with the dominant extremity, rather than the unimpaired non-dominant extremity. In another unpublished decision, the Seventh Circuit noted that subjects that are not addressed in the DOT do not constitute apparent conflicts. *Zblewski v. Astrue,* 302 F. App'x 488, 494 (7th Cir. 2008). "When an error in the VE's testimony would require the ALJ to examine whether the requirements of a particular job align with the claimant's limitations, courts have generally found the error to not be sufficiently apparent." *Whitten v. Colvin*, 2014 WL 3509972 at *5 (S.D. Ind. July 14, 2014) (citing *Merritt v. Astrue,* 872 F.Supp.2d 742, 757 (N.D. Ill. 2012) (finding testimony error nonobvious when the jobs cited did not align with the plaintiff's limitations with his non-dominant arm); *Russell v. Astrue*, 2012 WL 645937 at *16–17 (N.D. Ill. Feb. 24, 2012) (finding testimony error nonobvious when the jobs cited allowed only occasional standing and walking but the plaintiff's limitations required a sit/stand option)). Given the full circumstances of the case, the Court does not find that any potential conflict was obvious enough to give rise to any further responsibility which was not met by the ALJ.

## V. CONCLUSION

"The standard for disability claims under the Social Security Act is stringent." *Williams-Overstreet v. Astrue*, 364 F. App'x 271, 274 (7th Cir. 2010). For the reasons set forth above, the Court finds no legal basis to reverse the ALJ's decision. The final decision of the Deputy Commissioner is **AFFIRMED**. Baxley's appeal is **DISMISSED**.

**SO ORDERED.**

Date: 6/15/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Timothy E. Staggs
ARNHOLT & STAGGS LAW OFFICE
tim@arnholtandstaggs.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kathryn.olivier@usdoj.gov

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov